# UNITED STATES DISTRICT COURT

### for the
### District of Massachusetts

| | |
|---|---|
| Nathan McGuire, Trustee<br>ALIAH TRUST<br>An Express Trust Organization<br>*Plaintiff,*<br><br>v<br><br>National Financial Services LLC<br>Fidelity Brokerage Services LLC<br>Fidelity Management & Research Company<br>FMR LLC<br>*Defendants* | File no: <br><br>COMPLAINT FOR DECLARATORY AND INJUNCTIVE RELIEF AND DAMAGES COPYRIGHT INFRINGEMENT<br><br>**DEMAND FOR JURY TRIAL** |

Comes Now Nathan McGuire trustee of ALIAH TRUST an Express Trust Organization, and represents:

## I. INTRODUCTION

1. Plaintiff brings this action against National Financial Services LLC, Fidelity Brokerage Services LLC, Fidelity Management & Research Company and FMR LLC (collectively "Fidelity Investments") for the unlawful retention and use of copyright proprietary work as investment property–Collateral Securities/Financial Assets, including a Security and Control Agreement and related investment materials deposited with Defendants Fidelity Investments. The actions of Defendants violate trust law, Plaintiff's statutory rights under Massachusetts law, and copyright interests as well as an unlawful termination of Plaintiff's security interest, which constitute unlawful conduct resulting in economic harm and deprivation of property rights under the constitution.

2.  Plaintiff's Claims include: violation of rights under applicable Massachusetts statutes and constitution; Conversion, unjust enrichment, copyright infringement under federal law, and Breach of Fiduciary Duty.

## II. PARTIES

3.  The Plaintiff, Nathan McGuire, is the sole trustee and beneficial owner of property held in ALIAH TRUST and brings this action pursuant to Rule 17 (a)(1)(E) as the real party in interest.

4.  Defendants include, but are not limited to, National Financial Services LLC, Fidelity Brokerage Services LLC, Fidelity Management & Research Company, FMR LLC.

## III. JURISDICTION AND VENUE

5.  The Court has original jurisdiction of this action under 17 U.S. Code §§ 501, 504 *et seq.*, 28 U.S. Code § 1331, 28 U.S. Code § 1338(a) against the Fidelity Investments Defendants.

6.  The Court has supplemental jurisdiction over Plaintiff's state law claims arising from the same nucleus of operative facts under 28 U.S. Code § 1367.

7.  Venue in this district is proper under 28 U.S. Code § 1391(b) in that a substantial part of the events giving rise to the within claims occurred in this judicial district, and under 28 U.S. Code § 1400(b) in that it is a judicial district where Defendants committed acts of copyright infringement and had a regular and established place of business.

## IV. STATEMENT OF FACTS

8.  The copyrighted written instrument entitled Security and Control Agreement with Collateral Securities and Allonge(s) attached thereto is registered with the United States Copyright Office under Registration No. TXu2497272 (the "Copyrighted Work") and is held in trust.

9.  The Security and Control Agreement identifies and governs certain financial instruments and collateral described therein, including a series of instruments labeled as Bankers Acceptance Collateral Securities, including but not limited to BA-040519773211NAM-1003 through BA-040519773211NAM-1013 (collectively, the "Collateral Securities").

10. The trust holds a priority claim of ownership and/or security interest in the Collateral Securities and related financial assets (the "Property"), and the Security and Control Agreement was authored to define the terms under which such Property would be held, controlled, or returned.

11. On or about February 16, 2023 Plaintiff transmitted to Defendant Fidelity Investments the Security and Control Agreement together with materials identifying or representing the Collateral Securities, for the stated purpose of establishing, documenting, and protecting Plaintiff's security interest in connection with accounts maintained at Defendants institution.

12. At all relevant times, Defendant acted as a securities intermediary and maintained custody or control over accounts associated with Plaintiff, including a brokerage account and/or cash management account.

13. The Security and Control Agreement set forth conditions under which Defendant could accept or reject the proposed arrangement and contemplated the return of materials and property in the event of non–acceptance.

14. On or about May 3, 2023, Defendant notified Plaintiff that it had elected to close Plaintiff's accounts. Defendant did not return the Property or materials associated with the Collateral Securities at that time and did not provide a substantive explanation for its retention of such materials.

15. Plaintiff thereafter made written communications and presentments to Defendant asserting that Defendant was obligated to return the Property and associated materials and identifying what Plaintiff characterized as non–performance under the Security and Control Agreement.

16. Plaintiff transmitted additional notices to Defendant, including communications styled as notices of fault, opportunity to cure, and default, which Defendant received but to which Defendant did not substantively respond.

17. As of the filing of this Complaint, Defendant has failed to return the Property or otherwise account for its possession, control, use, or disposition of the Property and related materials.

18. Plaintiff alleges that Defendant has exercised control over the Property in a manner inconsistent with Plaintiff's claimed rights and interests, including by retaining possession following account closure.

19. Plaintiff further alleges, upon information and belief, that Defendant has used, retained, or processed materials associated with the Security and Control Agreement without authorization.

20. As a result of Defendant's actions, Plaintiff claims loss of property, loss of use, and other economic harm.

## V. CAUSES OF ACTION

### COUNT I: CONVERSION AND UNJUST ENRICHMENT

21. Plaintiff incorporates by reference the facts stated in paragraphs 1 through 20 and declares that the trustee owns and/or holds a superior right to possess certain Collateral Securities

and the Property, which were delivered to Defendants for a specific, limited, and agreed-upon purpose pursuant to a Security and Control Agreement.

22. The Agreement required Defendants to either (a) perform in accordance with its terms or (b) reject the arrangement and return the Property to Plaintiff.

23. Defendants failed to perform under the Agreement and, despite demand or obligation to do so, failed and refused to return the Property.

24. Instead, Defendants intentionally exercised dominion and control over the Property in a manner inconsistent with Plaintiff's rights, including retaining, using, transferring, or otherwise disposing of the Property without authorization.

25. Defendants' conduct constitutes conversion under applicable law.

26. As a direct and proximate result, Plaintiff has suffered damages in an amount to be proven at trial, including the full value of the Property and loss of its use.

27. Further, Defendants have been unjustly enriched by retaining and benefiting from the Property under circumstances that make such retention inequitable.

28. Equity and good conscience require restitution to Plaintiff of all benefits, profits, and value derived from the Property.

## COUNT II: COPYRIGHT INFRINGEMENT (17 U.S. Code § 504)

29. Plaintiff incorporates by reference the facts stated in paragraphs 1 through 28 and alleges that Defendants, without authorization, used, or otherwise exploited these Copyrighted Works in connection with their possession and control of the Property, thereby infringing Plaintiff's exclusive rights under 17 U.S.C. § 106.

30. Plaintiff is the owner of valid copyrights in certain original written instruments, agreements, and proprietary materials associated with the Collateral Securities/Financial Assets.

31. The Copyrighted Works are protected under the Copyright Act, 17 U.S.C. §§ 101 et seq.

32. Defendants' acts constitute infringement under 17 U.S.C. § 501.

33. As a direct and proximate result of the infringement, Plaintiff has suffered damages, including actual damages and/or Defendants' profits attributable to the infringement.

34. Plaintiff is entitled to recover such damages and profits under 17 U.S.C. § 504, and to seek injunctive and other relief as provided by law.

## COUNT III BREACH OF FIDUCIARY DUTY / CONSTRUCTIVE TRUST

35. Plaintiff incorporates by reference the facts stated in paragraphs 1 through 34 and alleges that by accepting possession and control of the Property for a specific, limited purpose, Defendants undertook duties of trust, good faith, and fair dealing with respect to Plaintiff and the Property.

36. A fiduciary relationship arose from Defendants' control over the Property and Plaintiff's reliance on Defendants to act in accordance with agreed terms and applicable standards and further with the Certification of Trustee Confirmation and Appointment *de son tort* communicated directly to Defendants.

37. Defendants breached these duties by, among other things, failing to return the Property, misusing it, or acting for their own benefit or the benefit of others inconsistent with Plaintiff's rights.

38. Defendants' conduct was knowing, willful, and in disregard of Plaintiff's rights.

39. As a direct and proximate result, Plaintiff has suffered damages, including loss of the Property and any income, proceeds, or derivatives therefrom.

40. Equity requires the imposition of a constructive trust over the Property and any proceeds or benefits derived from it.

## VII. DEMAND FOR RELIEF

**WHEREFORE** Plaintiff respectfully demands that this Court enter judgment in his favor and against Defendants, and grant the following relief:

### A. COMPENSATORY DAMAGES

An award of compensatory damages in an amount, including but not limited to the full value of the Collateral Securities/Financial Assets, together with all direct, consequential, and incidental damages arising from Defendants' wrongful conduct, including loss of use and economic injury;

### B. RESTITUTION AND DISGORGEMENT

An order requiring Defendants to disgorge and pay to Plaintiff all profits, revenues, and other benefits obtained as a result of their unlawful possession, use, or control of Plaintiff's property, under principles of equity and unjust enrichment;

### C. COPYRIGHT REMEDIES (17 U.S.C. §§ 504–505)

Pursuant to federal copyright law, an award of: Plaintiff's actual damages; Any additional profits of Defendants attributable to the infringement; Alternatively, statutory damages as authorized by 17 U.S.C. § 504(c); Costs of the action and, in the Court's discretion, reasonable attorney's fees pursuant to 17 U.S.C. § 505;

### D. INJUNCTIVE RELIEF (17 U.S.C. § 502 AND FED. R. CIV. P. 65)

A temporary restraining order and preliminary and permanent injunction prohibiting Defendants from further use, transfer, or disposition of Plaintiff's Collateral Securities/Financial Assets; An order requiring the immediate return of all such property in Defendants' possession, custody, or control;

### E. IMPOUNDMENT AND CONSTRUCTIVE TRUST (17 U.S.C. § 503)

An order for the impoundment of all infringing materials and property embodying Plaintiff's copyrighted interests, and the imposition of a constructive trust over all Collateral Securities/Financial Assets and any proceeds derived therefrom;

## F. ACCOUNTING

An order requiring Defendants to provide a full accounting of all revenues, profits, transfers, uses, and dispositions related to Plaintiff's property and any allegedly infringing activities;

## G. DECLARATORY RELIEF (28 U.S.C. §§ 2201–2202)

A declaration that Defendants' acts constitute conversion, unjust enrichment, and copyright infringement, and that Plaintiff retains superior rights, title, and interest in the Collateral Securities/Financial Assets;

## H. STATE LAW RELIEF (SUPPLEMENTAL JURISDICTION)

An award of all damages and relief available under applicable state law claims properly before this Court pursuant to 28 U.S.C. § 1367, including claims sounding in conversion, unjust enrichment, and breach of fiduciary duty, to the extent a private right of action exists;

## I. INTEREST, COSTS, AND FEES

An award of pre-judgment and post-judgment interest as allowed by law, together with taxable costs and any recoverable attorney's fees;

## J. SUCH OTHER RELIEF

Such other and further relief as this Court deems just and proper.

## VII. DEMAND FOR JURY TRIAL

Plaintiff demands a jury trial on all issues so triable.

Respectfully Submitted,

By: _____

Nathan McGuire, Trustee
ALIAH TRUST
An Express Trust Organization
(857) 939-7547
atonementsolutions@gmail.com